IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,445-01 & -02






EX PARTE ALAN WADE CUNNINGHAM, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 13,032-A & 13,033-A IN THE 21ST DISTRICT COURT


FROM WASHINGTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault and sentenced to twelve years' imprisonment. He did not appeal these
convictions. 

 Applicant contends that his pleas were involuntary to two of these counts because his
agreement was that he would plead guilty to only one count with the others being dismissed. He also
contends his counsel was ineffective in failing to implement this agreement, and that he never
entered a plea to one of the counts. Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex.
Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
making findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his pleas were involuntary or never entered, or that his counsel was ineffective in failing
to implement the plea agreement. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 11, 2009

Do not publish